**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| TODD W. GAY,<br><br>        Petitioner,<br><br>vs.<br><br>LOUIS WINN,<br><br>        Respondent. | No. CIV 08-273-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. Respondent has filed an Answer and Motion to Dismiss.

*Factual and Procedural Background*

On December 10, 1992, Petitioner Todd W. Gay ("Gay") was serving a state sentence in the State of Texas when he was "borrowed" from the State of Texas pursuant to a writ of habeas corpus *ad prosequendum*. On May 18, 1993, Gay was sentenced to an aggregated 170 month term of imprisonment for Conspiracy to Commit Bank Robbery in violation of 18 U.S.C. § 371, Bank Robbery and Aiding and Abetting in violation of 18 U.S.C. § 2113(a) and (d)(2), and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g) in the United States District Court for the Northern District of Texas. In sentencing Gay, United

States District Judge Joe A. Fish stated:

> . . . [I]t appears that Mr. Gay has been on writ to federal custody since December 10, 1992. And I think that I can give Mr. Gay credit against the custody sentences just imposed for time that he has been in our custody since December 10, 1992. But the fact that it was necessary to bring him here on a writ indicates to me that he is currently in the custody of the State of Texas, and I don't think I have the power by judicial fiat to take him out of the custody of the State of Texas. Rather, he is here only for purposes of these proceedings, and on their conclusion, I think the only thing I can do is to remand him to the custody of State of Texas for completion of whatever sentences he is serving with the State of Texas. So I will order that upon completion of these proceedings that Mr. Gay be returned to the State of Texas and that the federal sentences will commence when he is released from custody by the State of Texas, although at that time as I said earlier I think he should be entitled for time served from December 10, 1992 until today.

Petition, Ex. C. The Bureau of Prisons contacted Judge Fish requesting him to clarify his intent at the time of Gay's sentencing. Answer, Ex. 5. Judge Fish responded:

> I had no reason, at the time Gay was sentenced, to depart from the usual rule that sentenced imposed at different times, for unrelated crimes, should ordinarily be consecutive to one another. Therefore, any intent was that his federal sentence should begin once he had satisfied his obligation to the state of Texas.

Answer, Ex. 6.

On June 2, 1993, Gay was returned to the State of Texas officials to complete his state sentence. Gay was paroled by the State of Texas on April 21, 2000. Gay was received into Federal Bureau of Prisons custody on July 28, 2000. Respondent asserts that Gay began receiving sentence credit on his federal sentence on April 21, 2000. Gay does not dispute this assertion.

On April 28, 2008, while incarcerated at FCI Tucson, Arizona, Gay filed his Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. Gay asserts that additional time spent in custody prior to his sentencing should be credited against his federal sentence. On June 9, 2008, Respondent filed an Answer to Petition and Motion to Dismiss.

. . . . .

. . . . .

*Jurisdiction of the Court*

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000), *quoting FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). In the case of a habeas petition, such jurisdiction is dependent upon a proper characterization of the petition.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location or condition of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez*, 204 F.3d at 864. Therefore, this Court's jurisdiction depends upon a proper characterization of Gay's claims. Gay is challenging the manner, location or condition of the execution of his sentence. *See e.g., Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) (section 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted). Such a challenge must be brought pursuant to § 2241 in the custodial court. Gay being incarcerated at the FCI Tucson, Arizona, when the Petition was filed, this Court has jurisdiction over this matter. *Francis v. Rison*, 894 F.2d 353 (9th Cir. 1990).

*Exhaustion of Administrative Remedies*

The Ninth Circuit Court of Appeals has stated:

> [28 U.S.C. § 2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. [Footnote omitted.] However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.

*Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006). Respondent agrees that Gay has exhausted his administrative remedies.

*Credit for Pre-Sentence Incarceration*

The calculation of a term of imprisonment may include credit for prior custody:

(b)  Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

    (1)  as a result of the offense for which the sentence was imposed;

    or

    (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).  In enacting this statute, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *see also Boniface v. Carlson*, 856 F.2d 1434, 1436 (9th Cir. 1988), *per curiam*.

Moreover, a federal sentence does not begin when a federal defendant is produced for prosecution by a federal writ of habeas corpus ad prosequendum from state custody. *Thomas v. Whalen*, 962 F.2d 358 (4th Cir. 1992); *Thomas v. Brewer*, 923 F.2d 1361 (9th Cir. 1991). Federal custody does not begin until the state authorities relinquish the prisoner on satisfaction of the state obligation. *Del Guzzi v. United States*, 980 F.2d 1269 (9th Cir. 1992); *Whalen*. The sovereign which first arrested an offender has primary jurisdiction over that offender, unless that sovereign relinquishes it to another sovereign (through, for example, bail release, dismissal of the state charges, parole release, or expiration of state sentence). *See e.g., United States v. Warren*, 610 F.2d 680 (9th Cir. 1980). Borrowing a prisoner from state custody from a primary custodian via a writ of habeas corpus ad prosequendum does not result in the original sovereign relinquishing its primary jurisdiction. *Thomas v. Brewer*, 923 F.2d at 1367, *citation omitted* ("'When an accused is transferred pursuant to a writ of habeas corpus *ad prosequendum* he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues

- 4 -

uninterruptedly.'"). Additionally, the United States Supreme Court has determined that the United States Attorney General continues to retain authority to award presentence jail credit. *Wilson*, 503 U.S. at 337.

Gay asserts, however, that BOP Program Statement § 5160.04 makes it clear that the BOP is to grant credit if it is consistent with the intentions of the sentencing judge. Neither Gay nor Respondent have provided the Court with a copy of § 5160.04. However, BOP Program Statement 5160.05 indicates that Program Statement 5160.04 has been rescinded. Further, Program Statement 5160.05 indicates that "[s]tate institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." PS § 5160.05, p. 1; *see also id.* at 4. Judge Fish made it clear that it was not his intention to sentence Gay to concurrent sentences. Moreover, Judge Fish acknowledged that he did not have the authority to take Gay out of state custody and stated that Gay's federal sentence would begin when he was released from custody by the State of Texas. Petition, Ex. C. Although Judge Fish also stated that he thought Gay should be entitled for time served from December 10, 1992 until the date of his federal sentencing, he did not discuss any authority for the issuance of or specifically issue such an order. Similarly, Gay has not provided any authority for Judge Fish to issue such an order.

Gay does not dispute that he received credit for the time served until April 21, 2000, against his State of Texas sentence. Until April 21, 2000, Gay remained in the primary custody of the State of Texas and is not entitled to "receive a double credit for his detention time." *Wilson*, 503 U.S. at 337. Moreover, Gay does not dispute that he has received credit against his federal sentence since April 21, 2000. Gay is not entitled to any additional credit against his federal sentence.

Accordingly, IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DENIED

- 5 -

1 | and this matter is DISMISSED WITH PREJUDICE.

2 | 2. The Clerk of the Court shall enter judgment and shall then close its file in this
3 | matter.

4 | DATED this 4th day of February, 2009.

_____
Cindy K. Jorgenson
United States District Judge